```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF THE NORTHEAST
CARPENTERS HEALTH, PENSION,             OPINION AND ORDER
ANNUITY, APPRENTICESHIP, AND            16-cv-6414 (SJF)(ARL)
LABOR MANAGEMENT COOPERATION
FUNDS,
                                                 FILED
                                                 CLERK
                    Petitioners,
                                           5/31/2017 3:31 pm
      -against-
                                           U.S. DISTRICT COURT
CEI CONTRACTORS, INC.,                  EASTERN DISTRICT OF NEW YORK
                                             LONG ISLAND OFFICE
                    Respondent.
----------------------------------------------------------X
```

**FEUERSTEIN, District Judge:**

By way of a November 18, 2016 Petition, Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("Petitioners") commenced this action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132; Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, seeking to confirm an October 29, 2016 Findings of Audit, Collection Award and Order (the "Arbitration Award") rendered pursuant to a collective bargaining agreement between the Northeast Regional Council of Carpenters (the "Union") and Respondent CEI Contractors, Inc. ("Respondent" or "CEI"). *See* Docket Entry ("DE") [1]. For the reasons set forth herein, the Arbitration Award is confirmed.

**I.    BACKGROUND**

   **A. The Parties and Relevant Agreements**

Petitioners, as successors to the Empire State Carpenters Annuity, Apprenticeship, Pension, Welfare, and Labor Management Cooperation Funds, are the trustees of multiemployer labor-

1

management trust funds and a labor-management cooperation committee organized and operated in accordance with Section 3(21) of ERISA and Section 302(c)(9) of the LMRA. *See* Petition to Confirm an Arbitration Award ("Pet."), DE [1], ¶¶ 4-5. Respondent is a New York corporation with a principal place of business located at 675 Garfield Avenue, Jersey City, New Jersey 07305. *Id.* at ¶ 6. At all relevant times, Respondent was an employer within the meaning of Section 3(5) of ERISA, and was an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA. *Id.*

Relevant here, Respondent agreed to be bound by two (2) collective bargaining agreements with the Union, effective from May 1, 2010 through April 30, 2011 and July 1, 2011 through May 31, 2016 (together, the "CBAs"). *Id.* at ¶ 7. Pursuant to the CBAs, Respondent was required to "make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union." *Id.* at ¶ 8. The CBAs further provide that Respondent "shall be bound by and shall comply with the agreements, declarations of trust, plans and/or regulations of the fringe benefit funds, and the labor management cooperation committees, so designated." *Id.* at ¶ 9. One such agreement by which Respondent was bound is a Joint Policy for the Collection of Delinquent Contributions (the "Collection Policy"), established to facilitate collection of "all employer contributions as they are due . . . ." *Id.* at ¶ 10; *see also* Joint Policy for Collection of Delinquent Contributions ("Collection Policy"), DE [1-3] § 1.1(A). Employers bound by the Collection Policy are required to submit to a payroll audit upon Petitioners' request in order to ensure that the employer has made all required contributions. *See* Collection Policy § 4.1. If the auditor determines that the employer has failed to make all required contributions, the employer must remit all unpaid contributions within thirty (30) days, as well as interest on the delinquent contributions at a rate seventy-five one hundredths of a percent (.75%) per month. *Id.* at § 2.1. If the employer fails to remit unpaid contributions identified in the audit, the matter shall be sent to arbitration before Petitioners' designated arbitrator. *Id.* at §

2

2.2. Pursuant to the Collection Policy, the employer "shall be liable for all costs incurred in collecting delinquent contributions, including without limitation, audit costs, arbitration fees, and attorneys' fees." Pet. ¶ 17; *see also* Collection Policy §§ 1.1(C)(4), 6.1-6.3.

### B. Respondent's Contribution Delinquency

Petitioners conducted an audit of Respondent's payroll records and contributions for the period of March 1, 2011 through March 23, 2016 in order to determine whether CEI had complied with its contribution obligations arising under the CBAs. Pet. ¶ 14. The auditor determined that Respondent failed to make eight thousand, eight hundred and thirty-three dollars and twenty-six cents ($8,833.26) in required contributions. *Id.* at ¶ 15. CEI failed remit its delinquent contributions, and Petitioners commenced arbitration proceedings before their designated arbitrator, J.J. Pierson, Esq. (the "Arbitrator"). *Id.* at ¶ 18. Although Petitioners sent Respondent a Notice of Intent to Arbitrate Delinquency, Respondent failed to appear at the October 20, 2016 arbitration hearing. *Id.*; *see also* Arbitration Award at 1.

In the October 29, 2016 Arbitration Award, the Arbitrator concluded that CEI was delinquent in its contributions required pursuant to the CBAs, and ordered Respondent to pay a total of fifteen thousand, seven hundred and ninety-seven dollars and ninety-three cents ($15,797.93), including: (i) eight thousand, eight hundred and thirty-three dollars and twenty-six cents ($8,833.26) in unpaid contributions; (ii) two thousand, nine hundred and forty-four dollars and seventy-nine cents ($2,944.79) in interest on unpaid contributions; (iii) six hundred and three dollars and twenty-three cents ($603.23) in additional interest; (iv) one thousand, seven hundred and sixty-six dollars and sixty-five cents ($1,766.65) in liquidated damages; (v) nine hundred dollars ($900.00) in attorneys' fees; and (vi) seven hundred and fifty dollars ($750.00) for the Arbitrator's fee. Pet. ¶ 20; *see also* Arbitration Award ¶ 12.

Respondent failed to abide by the terms of the Arbitration Award, and Petitioners commenced this action on November 18, 2016. *See* DE [1]. On March 15, 2017, Petitioners requested that their unanswered Petition be reviewed as an unopposed motion for summary judgment to confirm the Arbitration Award. DE [8].

## II. DISCUSSION

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *see also Trs. for The Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967, 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record.") (internal quotation and alterations omitted). A motion for summary judgment, whether opposed or unopposed, "may not be granted unless all submissions taken together 'show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Phicon Constr.*, No. 13-CV-3089, 2014 WL 824324, at *5 (E.D.N.Y. Mar. 3, 2014) (quoting Fed. R. Civ. P. 56(c)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The moving party bears the burden of establishing that there is no genuine issue of material fact. *Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir. 1994). Where a motion for summary judgment is unopposed, the court must examine "the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial and that the movant is entitled to judgment as a matter of law." *Trs. of Empire State Carpenters Annuity, Apprenticeship,*

*Labor-Mgmt. Cooperation, Pension & Welfare Funds v. J.H. Reid Gen. Constr. Co.*, No. 14-CV-6407, 2015 WL 8111121, at *2 (E.D.N.Y. Oct. 19, 2015) (Report and Recommendation), *adopted by*, 2015 WL 8207494 (E.D.N.Y. Dec. 7, 2015) (internal quotation omitted); *see also D.H. Blair & Co., Inc.*, 462 F.3d at 110 ("Even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.") (internal quotation omitted).

It is well established that "a court's review of an arbitration award is severely limited so as not to frustrate the goals of arbitration—namely, to settle disputes efficiently and avoid long and expensive litigation." *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Lazzaro Assocs., Inc.*, No. 12-CV-5651, 2014 WL 4175859, at *5 (E.D.N.Y. July 15, 2014) (internal quotation omitted); *see also Trs. of Nat'l Org. of Indus. Trade Unions Ins. Tr. Fund v. Davis Grande Co.*, No. 03-CV-6229, 2006 WL 1652642, at *2 (E.D.N.Y. June 9, 2006) ("The scope of judicial review of an arbitration award is extremely narrow."). Therefore, "the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (internal quotation omitted). Given the limited scope of review, a court must confirm an arbitration award that "draws its essence from the collective bargaining agreement and is not the arbitrator's own brand of industrial justice." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 896 (2d Cir. 1997) (internal quotation omitted).

Petitioners have satisfied their burden in establishing that the Arbitration Award should be confirmed. Relying upon the audit of CEI's payroll records and contributions, as well as evidence presented at the arbitration hearing, the Arbitrator concluded that CEI failed to remit eight thousand, eight hundred and thirty-three dollars and twenty-six cents ($8,833.26) in required contributions from March 1, 2011 through March 23, 2016. *See* Arbitration Award ¶¶ 11-12. In addition to unpaid

contributions, the Collection Policy entitles Petitioners to recover additional amounts for interest, liquidated damages, attorneys' fees, and the arbitrator's fee. *See* Collection Policy §§ 1.1(C)(4), 6.1-6.3; *see also Earth Constr. Corp.*, 2016 WL 1064625, at *3 (confirming arbitration award based upon the parties' agreements, the audit, and live testimony at the arbitration hearing); *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5, 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party."). As the Arbitration Award "draws its essence from the collective bargaining agreement[s], the court must affirm the award . . . ." *Lazzaro Assocs., Inc.*, 2014 WL 4175859, at *5. Therefore, Petitioners are entitled to recover fifteen thousand, seven hundred and ninety-seven dollars and ninety-three cents ($15,797.93) as provided for in the Arbitration Award.

Petitioners also seek to recover a total of seven hundred and fifteen dollars ($715.00) in attorneys' fees and costs incurred in connection with the instant Petition. *See* Pet. ¶¶ 28-30. The Collection Policy provides that, "[a]ttorneys' fees shall be due to the Fund from a delinquent employer at the hourly rate charged to the Fund for such services . . . for all time spent by Counsel in collection efforts," *see* Collection Policy § 6.2, and courts in the Second Circuit have held that a "[f]ailure to appear at arbitration or the confirmation hearing may result in a grant of attorneys' fees on equitable grounds." *New York City Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co., Inc.*, No. 07 Civ. 2583, 2007 WL 3407065, at *2 (S.D.N.Y. Nov. 14, 2007); *see also Int'l Chem. Workers Union (AFL–CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded."). Based upon the Court's review of, *inter alia*, the contemporaneous time records from the law firm of Virginia & Ambinder, LLP,

submitted with the instant Petition, the Court concludes that Petitioners have satisfied their burden in demonstrating that the attorneys' fees and costs they seek to recover are reasonable. *See* Pet. Ex. F; *see also Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Fourmen Constr., Inc.*, No. 15-CV-3252, 2016 WL 146245, at *5 (E.D.N.Y. Jan. 13, 2016) (holding that four and seven tenths (4.7) hours billed on an unopposed petition to confirm an arbitration award was reasonable, and awarding an hourly rate of two hundred and twenty-five dollars ($225.00) to a Virginia & Ambinder associate). Therefore, Petitioners are also entitled to recover seven hundred and fifteen dollars ($715.00) in attorneys' fees and costs incurred in in connection with the instant Petition.

### III. CONCLUSION

For the reasons set forth herein, the Arbitration Award is confirmed, and Petitioners are awarded a judgment against Respondent in the amount of sixteen thousand, five hundred and twelve dollars and ninety-three cents ($16,512.93). The Clerk of the Court shall enter judgment in favor of Petitioners consistent with this Opinion and Order and close this case.

Dated: Central Islip, New York
      May 31, 2017

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge